

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00011-CR

---

MICHAEL ALLEN ANDERSEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 087125-D-CR, Honorable Steven Denny, Presiding

---

July 16, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Appellant, Michael Allen Andersen, appeals from his conviction of the third-degree felony offense of evading arrest or detention with a vehicle[1] and the resulting sentence of seven years of imprisonment. By one issue, Appellant argues the evidence was insufficient to show he intentionally fled from a person he knew was a peace officer attempting lawfully to arrest or detain him. We affirm.

---

[1] TEX. PENAL CODE § 38.04(b)(2)(A).

## BACKGROUND

Around two o'clock in the morning in early October 2024, Sergeant Veronica Padilla was patrolling near the intersection of Hastings and Broadway in Amarillo, Texas. She saw one vehicle stop at the four-way stop and then proceed down the roadway. She then observed a second vehicle, later determined to be driven by Appellant, fail to come to a complete stop at the intersection. She activated her emergency lights and began to pursue him. She then also activated her siren after Appellant accelerated to more than sixty miles per hour and passed the other vehicle in a no-passing zone. That vehicle pulled over within a short distance, but Appellant continued forward for about a minute and a half, making three turns into a nearby residential area before stopping and turning his car lights off. During her testimony, Padilla noted there were points at which Appellant could have safely stopped prior to the point at which he did so.

After Appellant stopped, he put his hands outside the driver's window as directed and then complied to step out of the car, get on his knees, and lay prone on his stomach. He then obeyed instructions to stand up and walk backwards slowly toward Padilla. Appellant was secured. By that time, Officer Klein had arrived, and both he and Padilla noted the smell of alcohol coming from Appellant.[2]

At trial, Appellant did not dispute that he was the driver or that he was pursued by Padilla for a brief period. Rather, he challenged intent. He claimed he did not intentionally flee from Padilla. The other car there that night was driven by Appellant's girlfriend at the

---

[2] Appellant was not convicted of a DUI offense, but the State did point out the possibility that Appellant was driving while intoxicated and that could have motivated his fleeing from Padilla.

2

time (now wife).  When Padilla activated her lights, the girlfriend thought she was being stopped, so she pulled over.  Padilla then passed her to pursue Appellant.  Appellant contends he was initially unaware Padilla was attempting to stop him.  He said approximately thirty seconds elapsed after Padilla activated her siren before Appellant pulled over.  Once stopped, he fully complied.  Based on the foregoing, he claimed the State had insufficient proof of his intent.  Nevertheless, the jury found Appellant guilty as charged, and punishment was assessed as noted.

## ANALYSIS

Standard of Review and Applicable Law

Due process requires the State to prove each element of the charged crime beyond a reasonable doubt.  *Cada v. State*, 334 S.W.3d 766, 772–73 (Tex. Crim. App. 2011).  When conducting a sufficiency review, courts must view the evidence in the light most favorable to the verdict and determine whether any rational factfinder could have found each essential element of the offense beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 320, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 806 (Tex. Crim. App. 2010).  The jury is responsible for judging the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented.  *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  When the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the verdict and defer to that determination.  *Murray v. State*, 457 S.W.3d 446, 448–49 (Tex. Crim. App. 2015).

3

To sustain Appellant's conviction for evading arrest or detention, the State was required to prove that Appellant (1) intentionally fled from Padilla, (2) knowing she was a peace officer lawfully attempting to arrest or detain him, and (3) using a motor vehicle while in flight. TEX. PENAL CODE § 38.04(a). *See also Archuleta v. State*, No. 07-17-00371-CR, 2019 Tex. App. LEXIS 3815, at *6 (Tex. App.—Amarillo May 9, 2019, pet. ref'd) (mem. op., not designated for publication). "Fleeing is anything less than prompt compliance with an officer's direction to stop." *Id.* at *7.

Application

At trial, the evidence demonstrated Appellant rolled through a stop sign. Padilla activated her emergency lights. Appellant's then-girlfriend saw the lights and immediately pulled over, believing either she or Appellant was about to get a ticket. Appellant did not pull over but instead, accelerated past his girlfriend's car, passing in a no-passing zone. Padilla activated her siren. Appellant still did not stop. Instead, he conducted three turns into an adjacent residential area before stopping.

Appellant argues that this evidence is insufficient because the pursuit lasted a very short time, he did pull over, and he fully complied with Padilla's demands once stopped. He also claims the evidence showed ambiguity as to whether Padilla was attempting to stop his then-girlfriend or him, so he did not know Padilla was trying to pull him over when he accelerated and drove away.

We do not agree with Appellant's assessment of the evidence. First, there is no particular method an officer must use to alert a person that the officer is attempting to detain or arrest him. *Trejo v. State*, No. 03-24-00534-CR, 2025 Tex. App. LEXIS 6638,

4

at *10 (Tex. App.—Austin Aug. 27, 2025, no pet.) (mem. op., not designated for publication). In this case, Padilla was driving a marked police vehicle and activated her emergency lights when she saw Appellant fail to completely stop at the stop sign. She testified her vehicle was plainly visible behind Appellant after she pulled behind him. Padilla activated her siren after Appellant passed his girlfriend's car, making it clear she was pursuing him. The jury could have concluded this was sufficient to make Appellant aware she was attempting to lawfully detain him and for it to conclude Appellant intentionally evaded her when he continued driving, making three turns into a nearby neighborhood before stopping. *See Archuleta*, 2019 Tex. App. LEXIS 3815, at *7 (finding sufficient evidence that the appellant intended to evade the officer when he pulled away in the van after the first encounter and continued driving for more than three blocks without stopping when the officer was in pursuit with his lights flashing and sirens activated); *Lopez v. State,* 415 S.W.3d 495, 497 (Tex. App.—San Antonio 2013, no pet.) (after activation of lights and siren, the appellant continued traveling through a residential area for approximately one and one-half minutes and 0.6 miles, making several turns before pulling into his driveway). And, Appellant's compliance with demands upon stopping does not negate the evidence supporting his commission of the offense. *See Day v. State*, 614 S.W.3d 121, 127 (Tex. Crim. App. 2020) (the "statute punishes those who refuse to submit to lawful authority at the moment an officer attempts an arrest or detention").

Further, we defer to the jury's role in resolving conflicts in testimony, weighing the evidence, and drawing reasonable inferences from the facts. *Hopper v. State*, No. 07-23-00327-CR, 2024 Tex. App. LEXIS 7179, at *7 (Tex. App.—Amarillo Oct. 7, 2024, pet. ref'd) (mem. op., not designated for publication) (citing *Zuniga v. State*, 551 S.W.3d 729,

5

732 (Tex. Crim. App. 2018)). "We may not reweigh or substitute our judgment for that of the factfinder." *Id.* After reviewing the record, we conclude that the jury could have reasonably found each essential element of the offense beyond a reasonable doubt. We resolve the issue against Appellant.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.

Alex Yarbrough
Justice

Do not publish.